

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| FREDERICK STONE,<br>　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§　Civil Action No. 4:09-CV-541-Y<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Frederick Stone, TDCJ-ID #701929, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Abilene, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

#### C. FACTUAL AND PROCEDURAL HISTORY

Stone is serving a 60-year sentence in TDCJ as a result of his 1995 Tarrant County conviction

for murder. (Petition at 2) Stone was charged in Disciplinary Case No. 20090176797 with attempting to establish an inappropriate relationship with a staff member, a Level 2, code 30.1 violation. (DHR at 6) Stone received notice of the charge and attended a disciplinary hearing in March, during which he was found guilty of the offense. (DHR at 1) Stone filed Step 1 and Step 2 grievances contesting the disciplinary proceedings, to no avail. (DGR at 1-4) In this petition, Stone challenges the disciplinary proceedings, which resulted in recreation and commissary restrictions, a reduction in line class status from L2 to L3, and the loss of 30 days' good time. (DHR at 2) The petition was timely filed. Thaler has filed an answer with supporting documentation, to which Stone did not timely reply.

### D. Issues

Stone claims his due process rights were violated because the disciplinary hearing officer (DHO) participated in the investigation of the charge, found him guilty without any evidence, and failed to provide a detailed, written statement of his reasons for the guilty finding.

### E. Rule 5 Statement

Thaler asserts the petition is timely but reserves the right to argue the issue of exhaustion. (Resp't Answer at 3-4) *See* 28 U.S.C. § 2254(b)(1), (c).

### F. Discussion

Prisoners charged with rule violations are entitled to certain procedural due process requirements under the Fourteenth Amendment when the disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner,* 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process

Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).

In Texas, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision, or that otherwise directly and adversely affect release on mandatory supervision, impinge upon a protected liberty interest, that is, a constitutional expectancy of early release. *See Malchi v. Thaler,* 211 F.3d 953, 957-58 (5th Cir. 2000). Stone is not eligible for release on mandatory supervision. The mandatory supervision statute in effect when he committed murder, provided that a prisoner may not be released to mandatory supervision if the prisoner is serving a sentence for first degree murder. *See* Act of May 28, 1989, R.S., 71st Leg., ch. 785, § 5.01, 1989 Tex. Gen. Laws 3471, 3537 (currently TEX. GOV'T CODE ANN. § 508.149(a)(2) (Vernon Supp. 2009)). Since Stone is ineligible for mandatory supervision, the loss of good time credits in his disciplinary case does not implicate a protected liberty interest. *Kimbrell v. Cockrell,* 311 F.3d 361, 362 (5th Cir. 2002); *Malchi,* 211 F.3d at 956-58. Nor do recreation and commissary restrictions or the reduction in line class status implicate due process concerns. *See Sandin,* 515 U.S. at 486 (confinement in administrative segregation); *Madison v. Parker,* 104 F.3d 765, 768 (5th Cir. 1997) (loss of commissary privileges and cell restriction); *Malchi,* 211 F.3d at 959 (right to particular

time-earning status). *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995) (reductions in line class status). As a matter of due process, no constitutional violation has occurred, thus Stone's claims do not present a basis for federal habeas relief.

## II. RECOMMENDATION

Stone's petition for writ of habeas corpus should be denied.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until January 12, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until January 12, 2010, to serve

4

and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 21, 2009.

_____
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE